NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE JOHN WIRTH, JR. AND TODD C. NELSON**

---

2014-1075

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 10/277,162.

---

Decided:  June 12, 2014

---

JEFFRY H. NELSON, Nixon & Vanderhye P.C., of Arlington, Virginia, argued for appellants.  With him on the brief was SHERI L. GORDON.

MOLLY R. SILFEN, Associate Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, argued for appellee.  With her on the brief were NATHAN K. KELLEY, Deputy General Counsel for Intellectual Property Law and Solicitor and FRANCES M. LYNCH, Associate Solicitor.

---

Before O'MALLEY, REYNA, and HUGHES, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Appellants John Wirth, Jr. and Todd C. Nelson appeal the August 21, 2013 opinion of the Patent Trial and

Appeal Board ("the Board") finding claim 1 of United States Patent Application No. 10/277,162 ("'162 application") invalid as obvious under 35 U.S.C. § 103(a).[1] For the reasons set forth below, we *affirm*.

DISCUSSION

The '162 application describes a method for enticing customers to visit a merchant's website by sending the customer a direct mailer or email that includes a personalized uniform resource locator ("URL"). '162 application at 19; claim 1. The personalized URL contains a suffix that consists of the customer's name. *Id.* Once the customer enters the personalized URL in a web browser, the webpage displays a custom promotional offer. *Id.*

The examiner rejected claim 1 as obvious under § 103(a) in light of U.S. Patent Nos. 5,792,972 ("'972 patent") and 6,014,634 ("'634 patent").[2] The Board first construed the claim term "name of the person in the group" to include "any type of personal identification, whether letters, numbers or combination thereof," as disclosed by the '972 patent. *Ex parte John Wirth Jr.*, No. 2011-006989, 2013 WL 2139792, at *2 (P.T.A.B. Apr. 10, 2013). In the alternative, the Board found that, even if "name of the person in the group" is construed to include only letters, it would have been obvious to a person of ordinary skill in the art at the time to replace the numerical suffix disclosed in the '972 patent with the customer's

---

[1]    Because Appellants filed the '162 application before March 16, 2013, the pre-Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284 (2011), version of § 103(a) applies. *See* 35 U.S.C. § 103(a) (2006); AIA, 125 Stat. at 293.

[2]    Appellants agreed that independent claims 1, 11, 22, and 41 all rise and fall with claim 1.

name.[3]  *Id.*  The Board also found that the claim term "name of the person in the group" is non-functional descriptive matter under the printed matter doctrine.  *Id.* Appellants timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

We agree with the Board's obviousness conclusion. The use of a person's name as a particularized suffix in a URL would have been obvious to a person of ordinary skill in the art from the '972 patent's disclosure of a unique personal identification number as a suffix in a URL.[4] While we question the expansiveness of the Board's claim construction and disagree with the Board's application of the printed matter doctrine here,[5] we nevertheless affirm the Board's judgment of invalidity.

## AFFIRMED

---

[3]   At oral argument, Appellants conceded that their claimed invention could be distinguished from the combination of the '972 and '634 patents solely based on the use of the customer's name in the URL suffix, rather than a personal identification code consisting of numbers.  Oral Argument    Tr.    9:00-29,    *available    at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20 14-1075.mp3

[4]   Appellants do not challenge the combination of the '972 and '634 patents.

[5]   Appellants conceded at oral argument that they must overcome each of the Board's grounds for rejection. Oral Argument Tr. 1:18-26.